No. 442 May 20, 2026 763

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

T. H.,
*Petitioner-Respondent,*

*v.*

JALEN SMITH,
*Respondent-Appellant.*

Multnomah County Circuit Court
24PO02312; A185825

Michael J. Riedel, Judge.

Submitted April 7, 2026.

Jalen Smith filed the brief *pro se*.

No appearance for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Respondent-appellant ("respondent") appeals an order denying his motion to dismiss a restraining order issued under the Family Abuse Prevention Act, ORS 107.700 to 107.735.[1] Respondent is self-represented, and petitioner has not appeared on appeal. In a single assignment of error, respondent argues that the trial court erred in denying his motion because he was never lawfully served with the restraining order or the petition for a restraining order. We affirm.

Respondent has not requested that we review *de novo*, and we do not exercise our discretion to engage in such review in this case.[2] Accordingly, "we are bound by the trial court's factual findings if they are supported by any evidence; if the trial court did not make express factual findings on disputed issues, we presume that it made implicit findings consistent with its ultimate judgment." *J. V.-B. v. Burns*, 284 Or App 366, 367, 392 P3d 386 (2017). "We review the trial court's legal conclusions for legal error." *Id.*

ORS 107.718 authorizes a trial court to hold an *ex parte* hearing on a petition for a restraining order and to issue a restraining order if the court determines that petitioner

> "[(1)] has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition, that [(2)] there is an imminent danger of further abuse to the petitioner and that [(3)] the respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child ***."

*Fielder v. Fielder*, 211 Or App 688, 693, 157 P3d 220 (2007). If the court issues a restraining order, ORS 107.718(8) requires service of the petition and order upon the respondent. ORS

---

[1] We refer to the parties in the remainder of this opinion by their designations before the trial court.

[2] *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (providing for the exercise of that discretion only in "exceptional cases"); ORAP 5.40(8)(d) (identifying nonexclusive considerations that may be relevant to our decision whether to exercise *de novo* review).

107.718(10), in turn, allows the respondent, within 30 days after the restraining order is served, to "request a court hearing upon any relief granted." "If the respondent fails to request a hearing within 30 days after a restraining order is served, the restraining order is confirmed by operation of law." ORS 107.718(11). A restraining order issued under ORS 107.718 "is effective for a period of two years or until the order is withdrawn or amended, or until the order is super-seded as provided in ORS 107.722, whichever is sooner."

In this case, the trial court issued a restraining order against respondent on March 6, 2024, and a parole and probation officer served the order on respondent at the Multnomah County Detention Center on March 20, 2024. Respondent did not request a hearing regarding that order, but, in August 2024, moved to dismiss or modify the restraining order, arguing that he had never been served with the restraining order and that the lack of notice violated his constitutional rights.[3] The trial court held a hearing on respondent's motion and ultimately denied it.

On appeal, respondent argues that the trial court erred in denying his motion to dismiss the restraining order because he was never served with the order, depriving him of due process. We also understand him to argue for the first time that the restraining order was void because it was not served on him and that, under ORCP 7, a parole and probation officer could not lawfully serve the order on him, because the state was a party to the restraining order proceeding. We further understand him to request that, to the extent we conclude that any of his arguments are not preserved, we review for plain error and exercise our discretion to correct those errors. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences.").

Regarding respondent's argument that he was not served with the restraining order at all, the trial court found that respondent was served with the restraining

---

[3] Respondent did not identify any reasons to modify the order, aside from his contention that the court should dismiss it because it was never served on him.

order on March 20, 2024, and there is evidence in the record to support that finding, namely, a "Peace Officer's Return of Service" signed by a parole and probation officer. Given our standard of review, we will not disturb that finding on appeal because it is supported by evidence in the record.

Regarding respondent's argument about who could lawfully serve the restraining order, we conclude that respondent did not preserve his argument because he did not make that argument at the hearing before the trial court. Further, the trial court did not plainly err in denying defendant's motion to dismiss the restraining order on the basis of improper service by a parole and probation officer, as respondent contends, because the state is not a party to this restraining order proceeding.[4]

Having rejected respondent's arguments that he was not lawfully served with the restraining order, we also conclude that he has not established that the restraining order is void or that he was deprived of due process.

Affirmed.

---

[4] From respondent's opening brief and the record before the trial court, we surmise that respondent was also found in violation of his probation in a criminal matter based on the same conduct that led to the restraining order in this case. Although the state would be a party to any such probation violation proceeding, that does not make the state a party to this civil restraining order case.